**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**NEW ALBANY DIVISION**

| | | |
|---|---|---|
| JAMES DARREN EASTRIDGE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-cv-00135-TWP-DML |
| | ) | |
| CITY OF SELLERSBURG, | ) | |
| STATE OF INDIANA, | ) | |
| TIMOTHY L. GRAY, | ) | |
| JEREMY TODD MULL, and | ) | |
| SELLERSBURG POLICE DEPT, | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,**
**SCREENING AND ORDER TO SHOW CAUSE**

This matter is before the Court on Plaintiff James Darren Eastridge's ("Eastridge") Prisoner

Request to Proceed in District Court Without Prepaying the Full Filing Fee (Filing No. 2). Because

he is allowed to proceed *in forma pauperis*, this action is also subject to screening pursuant to 28

U.S.C. § 1915(e)(2)(B).

## I. DISCUSSION

**A. Filing Fee**

Eastridge's motion for leave to proceed *in forma pauperis*, without prepaying fees or costs

(Filing No. 2) is **granted**. While *in forma pauperis* status allows a plaintiff to proceed without *pre*-

payment of the filing fee, the plaintiff remains liable for the full fees. *See Robbins v. Switzer*, 104

F.3d 895, 898 (7th Cir. 1997) (*in forma pauperis* litigants remain liable for the filing fee; "all [28

U.S.C.] § 1915(a) does for any litigant is excuse the pre-payment of fees"). The Court does not

have the authority to waive the filing fee, and it remains due despite Eastridge's *in forma pauperis*

status. *Fiorito v. Samuels*, 2016 U.S. Dist. LEXIS 84869, at *5 (C.D. Ill. June 30, 2016) ("[c]ourt

does not have the authority to waive a filing fee"); *McDaniel v. Meisner*, 2015 U.S. Dist. LEXIS 106067, at *12 (E.D. Wis. Aug. 12, 2015) (same). The filing fee for *in forma pauperis* litigants is $350.00. No payment is due currently; however, the $350.00 balance remains owing.

**B.  Screening**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

**C.  The Complaint**

In this civil action, *pro se* plaintiff Eastridge asserts a claim for defamation based upon perjury, false reporting, false statements, and false evidence. He brings his defamation claim against Defendants City of Sellersburg, State of Indiana, Timothy L. Gray, Jeremy Todd Mull, and Sellersburg Police Department. The Complaint alleges that Eastridge is bringing his claim under

federal law and "seek[ing] damages in the amount of $35 million dollars plus punitive damages, loss of my job, wages, and I was put on news channel as a mentally unstable, I'm seeking defamation of character for slander, false reporting, and false statements." ([Filing No. 1 at 9.](#))

**D. Dismissal of Complaint**

It does not appear that this Court has jurisdiction to adjudicate the claim that Eastridge has presented. Federal courts are courts of limited jurisdiction, not general jurisdiction, and "[n]o court may decide a case without subject-matter jurisdiction, and neither the parties nor their lawyers may stipulate to jurisdiction or waive arguments that the court lacks jurisdiction. If the parties neglect the subject, a court must raise jurisdictional questions itself." *United States v. County of Cook*, 167 F.3d 381, 387 (7th Cir. 1999); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "Courts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). A court "must raise the issue *sua sponte* when it appears that subject matter jurisdiction is lacking." *Buethe v. Britt Airlines*, 749 F.2d 1235, 1238 (7th Cir. 1984); *see also Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"). "When a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh*, 546 U.S. at 514, *quoted in Miller v. Herman*, 600 F.3d 726, 730 (7th Cir. 2010); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Mr. Eastridge asserts that he is "suing for a violation of federal law under 28 U.S.C. § 1331," ([Filing No. 1 at 9](#)), however, he has not presented a federal claim, instead, he has presented a state law tort claim for defamation and seeking monetary damages in the amount of

$35,000,000.00. In order for a federal court to exercise jurisdiction over such a claim, the parties must be citizens of different states, *see* 28 U.S.C. § 1332, and Eastridge states that he is a citizen of Indiana along with the defendants.

In addition, Eastridge's claim against the state of Indiana is barred by sovereign immunity. *See Cmty. Pharmacies of Ind., Inc. v. Ind. Family*, 801 F. Supp. 2d 802, 806 (S.D. Ind. 2011) ("because the State is the Defendant in this matter, the Plaintiffs cannot recover monetary damages due to the sovereign immunity afforded under the Eleventh Amendment").

Accordingly, the Complaint is subject to dismissal for lack of jurisdiction because of a lack of diversity jurisdiction and because of sovereign immunity.

**E. Opportunity to Show Cause**

Eastridge shall have through **Friday, July 26, 2019**, by which to show cause why judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Eastridge elects to file an amended complaint, he should conform to the following guidelines: (a) the amended complaint shall comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ," which is sufficient to provide the defendants with "fair notice" of the claim and its basis; *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and quoting Fed. R. Civ. P. 8(a)(2)); (b) the amended complaint must include a demand for the relief sought; (c) the amended

complaint must identify what legal injury Eastridge claims to have suffered and what persons are responsible for each such legal injury; and (d) the amended complaint must include the case number referenced in the caption of this Entry.

## II.  CONCLUSION

For the reasons stated above, Eastridge's Prisoner Request to Proceed in District Court Without Prepaying the Full Filing Fee (Filing No. 2) is **GRANTED**. Having screened the Complaint, the Court finds it is subject to dismissal for lack of subject-matter jurisdiction. Eastridge is granted leave to file an amended complaint by no later than **Friday, July 26, 2019**. If no amended complaint is filed by that date, this action will be dismissed for the reasons set forth above.

**SO ORDERED.**


Date:   6/26/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

James Darren Eastridge
Inmate No. 27502
P.O. Box 183
Elizabeth, IN 47117